PHILLIP A. TALBERT
United States Attorney
PAUL A. HEMESATH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>HARMINDER PHAGURA,<br><br>                    Defendants. | CASE NO.  2:15-CR-00095-GEB<br><br>SENTENCING MEMORANDUM<br><br>DATE: March 17, 2017<br>TIME: 9:00 a.m.<br>COURT: Hon. Garland E. Burrell, Jr. |

## I.     INTRODUCTION

Defendant Harminder Phagura was a trusted member of the Yuba City Police force.  He betrayed that trust by selling what he understood to be sensitive police information.  His punishment should take into account the seriousness of that breach of trust, including its effect on attitudes toward law enforcement in the community.

## II.     THE GOVERNMENT'S POSITION ON GUIDELINES CALCULATIONS

The government has agreed to recommend the following guidelines calculations, as is set forth in the plea agreement:

      Base Offense Level: (public official)               +14   § 2C1.1(a)(1)
      Offense involved more than one bribe            +2    § 2C1.1(b)(1)
      Acceptance of Responsibility:                         -3    § 3E1.1(a) & (b)

Assuming the Court agrees with the United States Probation Office that Phagura's criminal history score is I, **this yields a guidelines range of 12-18 months.**  As is specified in the plea

agreement, the government will argue for a high-end sentence of 18 months.

The government understands that the United States Probation Office—after consultation with the government—has determined that the base offense level should <u>not</u> include a drug weight as originally calculated in the PSR. This conclusion results from the government's position that drug types and weights were not specifically discussed with Phagura. Accordingly, the base offense level is 14, not 26 as previously calculated.

### III.    § 3553 FACTORS

The <u>seriousness of this offense</u> against the public trust cannot be overstated. Harminder Phagura was a sworn officer who carried a gun, and who was entrusted with the public's safety. He was given access to sensitive information, and he used that information to apparently further the interest of the very criminals he was supposed to be investigating.

Phagura was not just being lazy, or looking the other way—he believed he was providing information in furtherance of illegal activity. <u>See</u> Plea Agreement, factual basis, A-2, lines 27-28; PSR, Phagura Letter, at 25.

Furthermore, Phagura provided sensitive information to his co-defendant on multiple occasions. In April 2014, Phagura provided license plate information on two different plates. On July 29, 2014, Phagura provided counter surveillance information in a ruse drug transaction. On March 8, 2015, Phagura told his co-conspirator and a confidential informant about his ability to obtain sensitive information from a NET-5 (a law enforcement task force) database. In short, Phagura had plenty of time and multiple opportunities to consider whether his actions were consistent, neutral, or completely antithetical to his mission as a police officer.

It is Phagura's former position as a police officer that makes the <u>nature of the offense</u> so egregious. In an ideal world, Phagura would have been collecting information against his co-defendant and the confidential informant, hoping to make a case against them for the protection of the public. Instead, he believed he was enabling those same people. Whether he did it for the money or for—in his words—his affection for an old friend is immaterial. He abandoned the public trust and tarnished the community's image of law enforcement. Therefore, a high-end sentence of 18 months' imprisonment is a just sentence for Harminder Phagura.

## IV. CONCLUSION

Had Phagura's position not related directly to the core of public safety—law enforcement—then a low- or mid-range sentence might be appropriate in this case. But here, where a peace officer has sought to assist the criminal element, a higher sentence is required. The government thus asks for a high-end sentence of 18 months, which is within the applicable guidelines range contemplated by the plea agreement.

Dated:  March 14, 2017

PHILLIP A. TALBERT
United States Attorney

By:  /s/ PAUL A. HEMESATH
PAUL A. HEMESATH
Assistant United States Attorney